IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY MIMS, #243609, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-645-JTA |
| | ) |
| CORIZON, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Timothy Mims, a state inmate currently incarcerated at the Limestone Correctional Facility who is now acting *pro se*. After dismissal of several claims and defendants by the plaintiff, the case is now pending before this court solely on Mims' challenges to the constitutionality of medical treatment provided to him by Corizon, LLC, a former contract medical care provider for the Alabama Department of Corrections, in 2017 during his incarceration at the Bibb County Correctional Facility. This correctional facility is located in Brent, Alabama in Bibb County, Alabama. Contrary to the assertion set forth in the amended complaint, Doc. 21 at 3, Bibb County is not located within the Middle District of Alabama; instead, it is located within the jurisdiction of the United States District Court for the Northern District of Alabama.[1]

---

[1] Interestingly, in the original complaint, Mims correctly stated that venue is proper in the United States District Court for the Northern District of Alabama "in that the events or occurrences giving rise to the

Upon thorough review of the record and under the current circumstances of this case, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).

## II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]").

As previously stated, the Bibb County Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which Mims complains occurred at a prison located in the Northern

---

Plaintiff's claims occur[ed] exclusively in Bibb County, which fall into the [jurisdiction of the] Northern District of Alabama." Doc 1 at 3.

District of Alabama. Moreover, it appears that the majority of persons who could serve as material witnesses reside in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, it is hereby

ORDERED that this case is transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).[2]

The Clerk is DIRECTED to take the appropriate steps to effectuate the transfer of this case and to close this case in this court upon its transfer to the United States District Court for the Northern District of Alabama

DONE this 19th day of December 2019.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims pending in this civil action.